UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT L.  WALKER,

*Plaintiff,*

-against-

1516 BEACH AVENUE REALTY CORP.  and
FRIEDMAN MANAGEMENT CORP.,

*Defendants*.

19-CV-10646(ER)(RWL)

**SETTLEMENT AGREEMENT,
RELEASE AND ORDER**

## INTRODUCTION

Plaintiff Robert L. Walker ("Plaintiff") commenced an action (the "Action") against Defendants 1516 Beach Avenue Realty Corp. and Friedman Management Corp. ("Defendants") in the United States District Court, Southern District of New York on or about November 18, 2019, identified by Docket No.: 1:19-cv-10646-ER, Document 1, seeking injunctive and declaratory relief, damages, costs, and fees to enforce his right to be reasonably accommodated under the Fair Housing Act and Fair Housing Amendments Act of 1988, the New York State and New York City Human Rights Laws, and regulations promulgated thereunder.

Plaintiff subsequently filed an amended complaint on or about February 7, 2020, identified by Docket No.: 1:19-cv-10646-ER, Document 14.

Defendants interposed an answer with a counterclaim and affirmative defenses on or about May 27, 2020, identified by Docket No.: 1:19-cv-10646-ER, Document 24 denying that the Plaintiff is entitled to the relief claimed in his Amended Complaint.

1

The Parties desire to resolve the above-referenced litigation and finally and fully settle all claims asserted and related to this Action according to the terms set forth in the following Settlement Agreement, Release and Order (the "Agreement").

## I.   TERMS AND SCOPE OF THE AGREEMENT

1.   Any time limits for performance imposed by this Agreement may be extended by a mutual, written agreement between the Parties or by the Court.  A mutual, written agreement includes any agreement between the Parties' attorneys via email.

2.   Any reference herein to the term "Apartment" refers to Apartment 2 located at 1516 Beach Avenue, Bronx, New York 10460 (the "Building").

3.   This Agreement is not to be construed as an admission or acknowledgment of any fact at issue in the claim, any wrongdoing, or any liability by either Party.

4.   This Agreement is to be deemed to have been jointly drafted and no provision herein is to be interpreted or construed for or against any Party because such Party drafted or requested such provision or this Agreement as a whole.

## II.   SETTLEMENT TERMS

<u>Accommodation</u>

1.   Defendants jointly and severally agree to make such changes (the "Accommodations") to the Building as specified in Defendants' CCD-1 Construction Code Determination Form, issued Control No. 68444 and approved by New York City Department of Buildings (the "DOB") on January 6, 2021, attached hereto as Appendix A, and which incorporated Defendants' waiver application dated November 3, 2020, attached hereto as Appendix B, including, among other things and subject to specifications in Appendices A & B, installing an exterior wheelchair ramp outside the Building's entrance door, installing a

wheelchair lift within the Building's vestibule, and updating the Building's vestibule door and entrance door with automatic openers provided the DOB approves the Accommodations, or approves substantially similar changes to the Building.  The foregoing Accommodations shall be completed by Defendants at Defendants' own expense and in such manner as is adequate to allow Plaintiff continued safe and unassisted ingress to, and egress from, the Building with a wheelchair and/or a mobility scooter as approved by the DOB.

2.  In addition to the documents attached as Appendices A & B hereto, Defendants jointly and severally agree to make all filings and obtain all approvals as necessary for the Accommodations, at their own expense and without undue delay.

3.  Defendants jointly and severally agree to promptly begin implementing the Accommodations once approved by the DOB and as permitted by the DOB and to complete the Accommodations within a reasonable time period.  Recognizing the potential impacts of COVID-19 related government actions such as shutdown orders, in the event the Accommodations are not substantially complete within six months of the date of this Agreement, Defendants agree to notify Plaintiff and his counsel via Certified Mail as to the status of the construction and the anticipated completion schedule.

4.  Provided Defendants make the Accommodations as set forth in Appendices A & B together with any and all reasonable adjustments required by the DOB, Defendants shall be in compliance with the Agreement.  Once construction of the Accommodations is complete, in the event Defendants are required to make any deviations to the Accommodations as a result of regulatory changes or other unforeseen circumstances, Defendants jointly and severally agree to notify Plaintiff, through counsel, of such

changes and/or deviations.  Defendants jointly and severally agree that any such changes and/or deviations shall not limit Plaintiff's safe and unassisted ingress and egress as provided for by the Accommodations.

5.  Without limiting the generality of the preceding paragraphs, the Accommodations shall conform to the following minimum specific requirements.

   a.  The exterior wheelchair ramp to be installed outside the Building's entrance door shall be left in place at all times, except as required for maintenance or as required by a utility easement, or for a reasonably short period not to exceed six (6) hours, unless required by law or any governmental agency.

   b.  The wheelchair lift to be installed within the Building's vestibule should be secured so as to limit its use to Plaintiff and, when applicable, other tenants specified by Defendants with a demonstrated need to use the lift.

   c.  The load capacity and dimensions of the wheelchair lift should at a minimum be adequate to accommodate an individual weighing two hundred and fifty (250) pounds while riding a mobility scooter with such weight and dimensions as specified in Appendix C hereto.

   d.  All installations made as a part of the Accommodations, such as the wheelchair lift, the automatic door openers, and the exterior wheelchair ramp, shall be inspected and maintained by Defendants as required or recommended by the relevant part's manufacturer, but in no case less frequently than biannually, and, as necessary, timely repaired by Defendants at Defendants' expense so as to ensure the continued safe and unassisted ingress and egress by Plaintiff.  The maintenance and repair obligation described in this subsection shall apply to

Defendant 1516 Beach Avenue Realty Corp. for so long as it is the Building's owner, and shall apply to Defendant Friedman Management Corp. for so long as it is the Building's manager.

e. Defendants jointly and severally agree to notify Plaintiff of any need to remove, repair, or otherwise make changes to the ramp and/or lift, or any anticipated outages thereof, at least twenty four (24) hours in advance when possible.

6. Defendants jointly and severally consent to add accessibility signage to the top of the vestibule stairway so that it is visible to anyone exiting the building from the lobby.

7. Defendants jointly and severally consent to provide a point of contact for Plaintiff to request and receive assistance with exiting or entering the building, if necessary, available 24 hours each day, no later than 90 days from the date of this Agreement, or by the time the Accommodations are completed, whichever is sooner.

8. Defendant 1516 Beach Avenue Realty Corp. shall notify Plaintiff one week prior to closing any sale or transfer of the Building.  Defendant 1516 Beach Avenue Realty Corp. represents that as of the date of this Agreement, it is not in negotiations to sell the Building.

<u>Modification</u>

9. Defendants jointly and severally consent to, and agree to permit Plaintiff, at his own expense, to complete modifications ("Modifications") to the Apartment as specified in Appendix D hereto, and provided that Plaintiff obtains all required municipal approvals, secures adequate insurance naming Defendants as additional insured parties, and provides Defendants a valid Certificate of Insurance from each and every contractor completing modifications to the Apartment prior to the commencement of any such work.  Plaintiff,

at his sole cost and expense, agrees to timely make all filings, and/or seek all approvals, necessary for the Modifications.  In the event Defendants wish to independently review plans for the Modifications, they will notify Plaintiff, through counsel, as to the anticipated cost of engaging architects or engineers to review the Modifications. Defendants may then require Plaintiff to reimburse Defendants for any such fees incurred prior to the commencement of the Modifications.

III.    **RELEASE**

1.  In consideration for the terms and conditions set forth in the Agreement, and provided that Defendants comply with their obligations set forth herein, Plaintiff discharges and fully and finally releases Defendants 1516 Beach Avenue Realty Corp. and Friedman Management Corp., their present and future parent and/or subsidiary companies, agent, attorneys, servants, employees, officers, representatives, directors, members, successors, affiliates, predecessors and assigns from all claims and defenses asserted in the Amended Complaint and related to this Action.

2.  Plaintiff agrees to voluntarily dismiss his claims asserted in the Amended Complaint in this Action, provided Defendants continue to provide Plaintiff with safe, unassisted ingress into and egress from the Building.

3.  Defendants jointly and severally agree to voluntarily dismiss their counterclaim brought in this Action on May 27, 2020.

4.  Plaintiff waives his claim for an award of damages, legal fees, and costs associated with all claims and defenses asserted and related to this Action to date.

IV.    **ADMINISTRATION OF SETTLEMENT**

1.  The United States District Court for the Southern District of New York shall retain

jurisdiction to enforce the terms of this Agreement and to adjudicate any claims reserved

herein upon the filing of an appropriate motion by either Party.  This Agreement shall be

binding on Defendants 1516 Beach Avenue Realty Corp. and Friedman Management

Corp., and any of their employees, representatives, officers, heirs, assigns, subsidiaries,

or successors in interest, as well as on Plaintiff.

2. The Parties to this Agreement shall endeavor in good faith to resolve informally any

differences regarding interpretation of and compliance with the Agreement prior to

bringing such matters to the Court for resolution.

## V.  EFFECTIVENESS OF THIS AGREEMENT; SEVERABILITY

1. The effectiveness of this Agreement is conditioned on the United States District Court for

the Southern District of New York so ordering this Agreement.

2. If any provision of this Agreement is declared invalid or unenforceable by a court having

competent jurisdiction, it is mutually agreed that this Agreement shall endure except for

the part declared invalid or unenforceable by order of such court, unless the elimination

of the invalid provision shall materially affect the intent of this Agreement.

## VI.  COMMUNICATIONS

1. Documents required to be provided under this Agreement are to be sent by e-mail and

overnight mail as follows:

For Plaintiff:

Jackeline K. Solivan
Bronx Legal Services
369 E. 148th Street, 2nd Floor
Bronx, New York 10455
Email: jsolivan@lsnyc.org

For Defendants:

7

Doreen J. Fishman
Fischman & Fischman
305 Broadway STE 201
New York NY 10007
Email: doreen.fischman@verizon.net

## VII.   ENTIRE AGREEMENT

1. Each Party acknowledges that this Agreement contains all of the terms of agreement between them with regard to settling their claims against one another.  Nothing in Defendants' waiver application to the DOB or the DOB's determination should have any preclusive effect in this Action or any other litigation between the Parties except that if the Accommodations, or substantially similar changes to the Building, are approved by the DOB and Defendants complete the Accommodations, Defendants shall not be required by the terms of this Agreement to complete other additional changes to the Building's entrance.

2. This Agreement may not be changed or modified in any manner or form whatsoever except by a written document signed by all the Parties hereto.  It is expressly agreed by and between the Parties that this Agreement is the full and complete agreement of the Parties and may not be modified in any manner or form whatsoever except as expressly set forth herein.

3. This Agreement supersedes and revokes all previous negotiations, arrangements, letters of intent, representations, and information conveyed, whether oral or in writing, between the Parties or their respective representatives or any other person purporting to represent the Parties.

4. Except as otherwise provided in this Agreement, no subsequent alteration, amendment, change or addition to this agreement shall be binding upon the Parties, unless in writing

and signed by the Party against whom enforcement of the alteration, amendment, change or addition is sought.

5. All faxed or electronically scanned signatures on this Agreement shall have the same full force and effect as original signatures.

6. This Agreement may be signed in counterparts, such that signatures appear on separate signature pages.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, and intending to be legally bound, the Settlement Agreement, Release, and Order has been signed by representatives for the Parties as shown below.

Date: _____February 26, 2021_____

By:_____

Jackeline K. Solivan

Jackeline K.  Solivan
Bronx Legal Services
369 E. 148th Street, 2nd Floor
Bronx, New York 10455
(718) 928-3719
jsolivan@lsnyc.org

Date: _____02/26/2021_____

By: _____

Vincent J.  Mazzurco

Vincent J.  Mazzurco
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212)909-6000
vjmazzurco@debevoise.com

*Attorneys for Plaintiff Robert L. Walker*

Date: _____February 26, 2021_____

By: _____

Doreen J.  Fischman

Doreen J.  Fishman
Fischman & Fischman
305 Broadway STE 201
New York NY 10007
(212) 274-0555
doreen.fischman@verizon.net

*Attorney for Defendants 1516 Beach Avenue
Realty Corp.and Friedman Management
Corp.*

SO ORDERED:

_____

Edgardo Ramos, U.S.D.J
Dated: _3/2/2021_
New York, New York

10

# Appendix A



**NYC Buildings**

## CCD1: Construction Code Determination Form

*Must be typewritten.*



Orient and affix BIS job number label here

*Do not use this form for Zoning Resolution determination requests - use ZRD1 form*

---

**1  Location Information**  *Required for all requests on filed applications.*

House No(s) 1516                     Street Name Beach Avenue

Borough Bronx          Block 3920      Lot 36      BIN 2028636     CB No. 209

---

**2  Applicant Information**  *Required for all requests on filed applications.*

| Last Name | First Name | Middle Initial |
|---|---|---|
| Business Name | | Business Telephone |
| Business Address | | Business Fax |
| City | State | Zip | Mobile Telephone |

E-Mail jmorse@pve-llc.com                     License Number

License Type ☐ P.E. ☐ R.A. ☐ RLA ☐ Elevator (Co) Director ☐ Master Electrician   DOB PENS ID # (if available)

---

**3  Attendee Information**  *Required if different from Applicant in Section 2 or no Applicant.*

Relationship to the property: ☐ Attorney ☐ Filing Representative (Class 2) ☒ Other Design Professional

Last Name Morse          First Name Jamison          Middle Initial D

Business Name PVE, LLC                          Business Telephone 6466024999

Business Address 25 W. 39th Street                  Business Fax

City New York          State New York      Zip 10018     Mobile Telephone 4124912132

E-Mail jmorse@pve-llc.com     License/Registration # (if P.E./R.A./R.L.A./Attorney/Lic.(Co)Director/Master Electrician) 096762

---

**4  Nature of Request**  *Required for all requests. Only one request may be submitted per form.*

Determination request is for: ☐ Determination     ☒ Predetermination

Determination request issued to: ☒ Borough Commissioner's Office (Initial) ☐ Technical Affairs (Appeal)  ☐ Elevators

Job associated with this request? ☐ Yes (provide job # / doc # / obj # / examiner name below) ☒ No

Job/Application: _____ Document #: _____ Objection: _____ Examiner/Inspector: _____

Has this request or a similar one been previously denied? ☐ Yes *(attach all denied request form(s) and attachment(s))* ☒ No

Enter short description of Technical Topic (5 words or less): Ramp Requirements   & platform lift

Construction Code (if applicable): ☒ 2014 Code ☐ 2008 Code ☐ 1968 Code ☒ Prior to 1968 Code

Electrical Code (if applicable): ☐ 2011 Code ☐ 2007 Code ☐ 2004 Code ☐ Prior to 2004 Code

Enter All Control #(s) for related CCD1/ZRD1 request: _____

Request for 1-3 family dwelling? ☐ Yes ☒ No  For HPD Affordable Housing? ☐ Yes ☒ No   Fee Exempt per 28-112.1? ☐ Yes ☒ No

Zoning District(s): R6                                          MDL:

Zoning Overlay(s): _____                                     BBs: 2016-008

Special District(s): _____                                   Other: Local Law 122

ZR Section: _____   Code Secton: BC 1101.3.1 (et al.)   Rule #: _____   TPPN, Memo: _____

Indicate all Buildings Department officials that you have previously reviewed this issue with (if any): ☒ Borough Commissioner ☐ Code & Zoning Specialist ☐ General Counsel's Office ☐ Deputy Borough Commissioner ☐ Chief Plan Examiner ☐ Elevators ☐ Other

---

| ADMINISTRATIVE USE ONLY | REVIEWED BY: Patricia Aldea, RA |
|---|---|
| Control #: 68444          Appointment date: | Code & Zoning Specialist |
| Appointment Scheduled With: SEE COMMENTS ON PAGE 4 | |
| Comments: | APPROVED WITH CONDITIONS |
| Review Team Members: | Control No. 68444 |
| Reviewed By:                          Date | Date 1/6/2021 |
| | Page 1 of 7  07/19 |

## CCD1: Construction Code Determination Form
PAGE 2

| 5 | **Description of Request**  (utilize page 3/Section 7 if additional space is needed to properly describe this request) |

This is a request for:

Actually this is a clarification not a variance

☐ Interpretation or clarification

☒ Variation of Building Code or Rules per § 28-103.3 (please state in detail the practical difficulty that is specific to this project, and provide the analysis as to equally safe alternative, as per NYC Charter Section 645(b)(2))

☐ Variation of Multiple Dwelling Law (MDL) § 277.16 for Article 7B Buildings (please state in detail the practical difficulty that is specific to this project and provide the analysis as to equally safe alternative, as per NYC Charter Section 645(b)(2))

☐ Variation of Electrical Code or Rules per NYC Electrical Code § 90.4 (please state in detail the practical difficulty _____ and provide safe alternative method _____ for establishing and maintaining effective safety.

*NOTE: Variations of any other MDL provisions must be filed with the Board of Standards and Appeals (BSA) per MDL § 310.*

Please itemize all attachments, including plans/sketches, submitted with this form. *(attachment may not be larger than 11" x 17")*
If request is based on a plan examiner objection, type in the applicable objection text exactly as it appears on the Objection sheet and include a copy of the Objection sheet in the submitted Pdf.

Installing an accessible ramp at the entrance of 1516 Beach Avenue that complies with the NYC Building Code requirement of a 1:12 slope would be impractical due to egress blockage, spatial limitations, and magnitude of construction. The main entry where these upgrades are intended to take place is the only means of ingress/egress for this building, outside of the emergency egress from the fire escapes in the rear of the building. As detailed in the supporting document, altering the existing entryway to allow enough space for a ramp with a slope of 1:12 would be a significant reconstruction project, and would require physical access restrictions. This would become a significant legal and economic barrier in order to accommodate alternate arrangements for current tenants of the building, since access restrictions during a major reconstruction would cause issues with legally maintaining egress pathways for the residents. Modifications would require significant alteration of the entrance corridor, entrance elevations, and modifications to the ground level residential units since a ramp in this space with a slope of 1:12 would be physically impossible to exist in the current layout.

The equally safe alternative being proposed is the installation of one portable ramp and one inclined platform lift in order to create an accessible entrance. Since this building is considered a "Prior Code Building", and given the Local Law 122 amendments to Administrative Code Section 28-313.3.1, portable ramps are permitted to be utilized. Additionally, platform wheelchair lifts are permitted to be utilized as outlined in BC 1101.3.1 and 1101.3.2 and described in BUILDINGS BULLETIN 2016-008.

CONTINUED ON PAGE 3

*NOTE:  Department of Buildings Determination will be issued on the CCD1 Response Form*

| 6 | **Statements and Signature**  Required for all requests   (If Attorney, include 'Esquire' or 'Esq.' in signature) |

I hereby state that all of the above information is correct and complete to the best of my knowledge. Falsification of any statement is a misdemeanor and is punishable by a fine or imprisonment, or both. It is unlawful to give to a City employee, or for a City employee to accept, any benefit, monetary or otherwise, either as a gratuity for properly performing the job or in exchange for special consideration. Violation is punishable by imprisonment or fine, or both.

Name (please print)
Jamison Morse

Signature                                            Date
11/03/2020

REVIEWED BY
Patricia Aldea, RA
Code & Zoning Specialist

APPROVED
WITH CONDITIONS
Control No.  68444

P.E. / R.A. / Master Electrician Seal (apply seal, then sign and date over seal - not required for Attorneys on unfiled applications)

096762

| ADMINISTRATIVE USE ONLY | Control No.  Date  1/6/2021 |
| --- | --- |
| Reviewed By: | Page  2 of 7      Date: |

## CCD1: Construction Code Determination Form

PAGE 3

| 7 | **Description of Request**  *(use this section if additional space is required for description)* |

This alternative solution will not adversely affect safety. Signage will be provided with a phone number to call for assistance and a building attendant will be on-call 24 hours a day to provide personal assistance if an individual is unable to operate the lift or traverse the ramp unassisted. The proposed portable ramp and lift with on-call assistance are an equally safe alternative. Additionally, the two doors along the entry corridor will be made into automatic doors to provide further convenience.

Supporting Documents:
Waiver Application Letter

NOT attached to the response as it duplicates the request in pages 2 & 3, and a CCD1 is not addressed to a person

Associated plans and diagrams

Note no plans attached only diagrams and specs on 6 pages, which were consolidated by DOB on 2 pages plus DOB added relevant Oasis, HPD & Google views info for general clarifications for building location and status.

REVIEWED BY

**Patricia Aldea, RA**
Code & Zoning Specialist

APPROVED
WITH CONDITIONS

Control No. 68444
Date 1/6/2021
Page 3 of 7

**NOTE:  Department of Buildings Determination will be issued on the CCD1 Response Form**

| 8 | **Statements and Signature**  *Required for all requests   (If Attorney, include 'Esquire' or 'Esq.' in signature)* |

I hereby state that all of the above information is correct and complete to the best of my knowledge. Falsification of any statement is a misdemeanor and is punishable by a fine or imprisonment, or both. It is unlawful to give to a City employee, or for a City employee to accept, any benefit, monetary or otherwise, either as a gratuity for properly performing the job or in exchange for special consideration. Violation is punishable by imprisonment or fine, or both.

Name (please print)
Jamison Morse

Signature                                               Date
11/03/2020

P.E. / R.A. seal (Master Electrician apply seal, then sign and date over seal, not required for attorneys on unfiled applications)

| ADMINISTRATIVE USE ONLY | Control #: | |
| Reviewed By: | Date: | |

07/19

## ZRD1/CCD1 Response Form

| Location Information (To be completed by a Buildings Department official if applicable) |
|---|

| House No(s) 1516 | Street Name  Beach Avenue | ZD: R6 |
|---|---|---|

| Borough Bronx | Block 3920 | Lot 36 | BIN 2028636 | Job No. N/A |
|---|---|---|---|---|

| DETERMINATION   (To be completed by a Buildings Department official) |
|---|

| Request has been: | ☐ Approved | ☐ Denied | ☒ Approved with conditions |
|---|---|---|---|
| Follow-up appointment required? | ☐ Yes | ☒ No | |

Primary Zoning Resolution or Code Section(s): BC 1107.9, BB 2016-008, ASME A1 8.1. Section 105.2.6, AC 28-313.3

Other secondary Zoning Resolution or Code Section(s): ICC A117.1. section 410, 405, BC 3202.2.2.1, BC 1101.3.2

Control Number: 68444

Comments:

The existing 5 story & cellar attached multiple dwelling, no CO in BIS, per DOF records no elevator, per HPD records a New Law Tenement with legal 30 Class A apartments, per Oasis built around 1927 (with 36 units?), a current Use Group (UG) 2 & Occupancy Group (OG) R-2, is located on an interior zoning lot. This predetermination proposes providing building accessibility at the single front entrance vestibule for 2014 BC review combining an interior folding inclined platform lift over the 3 shown steps with a rise not noted but estimated by DOB around 21", and an outsides on the sidewalk portable ramp for a noted 4" rise, stating and showing in diagrams that an interior ramp with a slope of 1 in 12 max. is not physically fitting and construction is a problem for cost and disrupting the access and egress from the building. The request is conditionally accepted pending verification as follows:

 1. The interior platform lift is allowed as of rights per BC 1107.9  & BB 2016-008, if installed in accordance with 2014 BC Chapter 30,  ICC A117.1. section 410, and ASME A1 8.1. Section 105.2.6. ICC A117.1. 410.1  states "platform lifts shall not be attendant operated and shall provide unassisted entry and exit from the lift." As such the folding platform lift proposed must be verified if it allows not assisted use, and if it is not, a permanent platform lift with gates on opposite sides per ICC A117.1.404.3 should be installed per ICC A117.1.410.2.1. The remaining active part of the stairs must be min. 36" clear and the platform lift door must not overlap as shown the entry door.


 2. The proposed temporary ramp must comply with ICC A117.1.405 and have all required signs  per AC 28-313.3 (added by Local Law 122 of 2019).  However per ICC A117.1.405.2 exception and table for a max rise of 6" the ramp slope could be up to 1 in 10 (up to 1 in 8 for 3" rise), representing 40" ramp length for 4" rise. BC 3202.2.2.1 allows a max 44" wide sidewalk encroachment for accessibility provisions for a building erected prior to 12.6.1969, so a permanent ramp could be provided on one side of the entrance platform or in front of it, with the required railings. A permanent ramp would avoid any delays and a 24/7 person available to assist per required signs.


Note that BC 1101.3.2 requires accessibility to the entire existing building or to its portion being altered, including minor alterations but excluding ordinary repairs, where the value of alterations exceeds 50% of the existing building. value. So in this case the proposed accessibility provisions might not be mandatory but voluntary, in which case they are still subject to all applicable regulations. Also the 65 ft building frontage with approx. 30 ft on each side of the central oversized in height & width central entry opening allows a sidewalk encroachment for a ramp around 25 ft long, which up to 30" rise does not require an intermediate landing per  ICC A117.1.405.6.

| Name of Authorized Reviewer (please print): Patricia Aldea, RA | REVIEWED BY **Patricia Aldea, RA** Code & Zoning Specialist |
|---|---|
| Title (please print): Code and Zoning Specialist | |
| Authorized Signature:                                        Date: 1/6/2021 | APPROVED WITH CONDITIONS |
| *Issuers: write signature, date, and time on each page of the request forms; and attach this form.* | |

Note: Determination will expire if construction document approval is not obtained within 12 months of issuance.

Control No. 68444

Date 1/6/2021

Page  4  of  7      12/15

**68444.** CCD1 Predetermination - 1516 Beach Avenue, Bx ramp rec 12/24, due 1/6









 **4**

 **5**



Existing residential
unit entry interference

Existing radiator
interference

Existing vestibule
door interference

Existing stair
interference

Extents of ramp if
compliant with Section
405 of ICC A117.1
(slope of 1:12)

This entry is only means of
egress aside from the fire
escapes in rear of building

ADA Compliant Ramp Interferences
N.T.S.



Proposed new location of
doorway to allow for 60" turning
radius at top of stairs

Existing radiator to remain in
place

Original location of doorway

Location of door to be adjusted and
direction of swing to be reversed

Proposed Plan Alterations
N.T.S.

**REVIEWED BY**
**Patricia Aldea, RA**
Code & Zoning Specialist

**APPROVED**
**WITH CONDITIONS**

Control No.   68444
Date   1/6/2021
Page   6 of 7



**6**

Automatic door handicap
opener

60" diameter turning radius

Handicap assistance and phone
number signage"

Automatic door handicap
opener

Handicap assistance and phone
number signage"

Existing door to have automatic
opener installed

Proposed wheelchair lift, with powered
fold and unfold functions. Permitted
here as outlined in BC 1101.3.1 and
1101.3.2.

Proposed door location allows enough
clearance on latch side of door to
comply with ICC A117.1, and Table
404.2.3.2

Proposed portable ramp: 4" rise with
1:12 slope and flat landing.
(Example on page 8)
Complies with Section 405 of ICC
A117.1

42" railing shall be part of
portable ramp assembly

"A building attendant will be on-call 24 hours a day
to provide personal assistance if an individual is
unable to operate the lift or traverse the ramp
unassisted

Proposed Egress Enhancements
N.T.S.



**7**



Inclined Platform Lift Example



Exterior Portable Ramp Example
Similar to ramp proposed at exterior entrance



Portable Ramp
Available
555-555-5555

Handicap Assistance Signage
To comply with this format

```
                    *****   NEW YORK CITY    *****           BISP0009
                    ***  DEPARTMENT OF BUILDINGS  ***        BISM0009
==============================================================================
                         R E C E I P T
==============================================================================


    INVOICE #: 20602584     DATE: DECEMBER 8 2020      TIME: 1:24 P.M.


    TOTAL PAYMENT RECEIVED:   1000.00


        PAYMENT: 1000.00          CHECK #: 17154
        PAYMENT: 0.00

    FOR: PRE-DETERMINATION-INITIAL FEE-CODE


        BIN NUMBER: 2028636




    RECEIVED FROM: BRONX BOROUGH OFFICE        OPER ID: MTR STATION: 09
                                               05111 000201 00251 OT
==============================================================================
```



REVIEWED BY
**Patricia Aldea, RA**
Code & Zoning Specialist

APPROVED
WITH CONDITIONS

Control No.  68444
Date  1/6/2021
Page  7 of 7

# Appendix B



## CCD1: Construction Code Determination Form

*Must be typewritten.*

Orient and affix BIS job number label here 

*Do not use this form for Zoning Resolution determination requests - use ZRD1 form*

**1 | Location Information** *Required for all requests on filed applications.*

House No(s) 1516          Street Name Beach Avenue

Borough Bronx          Block 3920     Lot 36     BIN 2028636     CB No. 209

**2 | Applicant Information** *Required for all requests on filed applications.*

| Last Name | First Name | Middle Initial |
| --- | --- | --- |
| Business Name | | Business Telephone |
| Business Address | | Business Fax |
| City | State | Zip | Mobile Telephone |
| E-Mail | | License Number |

License Type ☐ P.E. ☐ R.A. ☐ RLA ☐ Elevator (Co) Director ☐ Master Electrician **DOB PENS ID # (if available)**

**3 | Attendee Information** *Required if different from Applicant in Section 2 or no Applicant.*

Relationship to the property: ☐ Attorney ☐ Filing Representative (Class 2) ☒ Other Design Professional

Last Name Morse          First Name Jamison     Middle Initial D

Business Name PVE, LLC          Business Telephone 6466024999

Business Address 25 W. 39th Street          Business Fax

City New York     State New York     Zip 10018     Mobile Telephone 4124912132

E-Mail jmorse@pve-llc.com     License/Registration # (if P.E./R.A./R.L.A./Attorney/Lic.(Co)Director/Master Electrician) 096762

**4 | Nature of Request** *Required for all requests. Only one request may be submitted per form.*

Determination request is for: ☐ Determination     ☒ Predetermination

Determination request issued to: ☒ Borough Commissioner's Office (Initial) ☐ Technical Affairs (Appeal) ☐ Elevators

Job associated with this request? ☐ Yes (provide job # / doc # / obj # / examiner name below) ☒ No

Job/Application: _____ Document #: _____ Objection: _____ Examiner/Inspector: _____

Has this request or a similar one been previously denied? ☐ Yes *(attach all denied request form(s) and attachment(s))* ☒ No

Enter short description of Technical Topic (5 words or less): Ramp Requirements

Construction Code (if applicable): ☒ 2014 Code ☐ 2008 Code ☐ 1968 Code ☒ Prior to 1968 Code

Electrical Code (if applicable): ☐ 2011 Code ☐ 2007 Code ☐ 2004 Code ☐ Prior to 2004 Code

Enter All Control #(s) for related CCD1/ZRD1 requests: _____

Request for 1-3 family dwelling? ☐ Yes ☒ No   For HPD Affordable Housing? ☐ Yes ☒ No   Fee Exempt per 28-112.1? ☐ Yes ☒ No

Zoning District(s): R6          MDL: _____

Zoning Overlay(s): _____          BBs: 2016-008

Special District(s): _____          Other: Local Law 122

ZR Section: _____ Code Secton: BC 1101.3.1 (et al.) Rule #: _____ TPPN, Memo:

**Indicate all Buildings Department officials that you have previously reviewed this issue with (if any):** ☒ Borough Commissioner ☐ Code & Zoning Specialist ☐ General Counsel's Office ☐ Deputy Borough Commissioner ☐ Chief Plan Examiner ☐ Elevators ☐ Other

### ADMINISTRATIVE USE ONLY

| Control #: | Appointment date: |
| --- | --- |
| Appointment Scheduled With: | |
| Comments: | |
| Review Team Members: | |

**Reviewed By:**          **Date**

07/19

## CCD1: Construction Code Determination Form

| 5 | **Description of Request** (utilize page 3/Section 7 if additional space is needed to properly describe this request) |

This is a request for:

☐ Interpretation or clarification

☒ Variation of Building Code or Rules per § 28-103.3 (please state in detail the practical difficulty that is specific to this project, and provide the analysis as to equally safe alternative, as per NYC Charter Section 645(b)(2))

☐ Variation of Multiple Dwelling Law (MDL) § 277.16 for Article 7B Buildings (please state in detail the practical difficulty that is specific to this project and provide the analysis as to equally safe alternative, as per NYC Charter Section 645(b)(2))

☐ Variation of Electrical Code or Rules per NYC Electrical Code § 90.4 (please state in detail the practical difficulty _____ and provide safe alternative method _____ for establishing and maintaining effective safety.

*NOTE: Variations of any other MDL provisions must be filed with the Board of Standards and Appeals (BSA) per MDL § 310.*

Please itemize all attachments, including plans/sketches, submitted with this form. ***(attachment may not be larger than 11" x 17")***
If request is based on a plan examiner objection, type in the applicable objection text exactly as it appears on the Objection sheet and include a copy of the Objection sheet in the submitted Pdf.

Installing an accessible ramp at the entrance of 1516 Beach Avenue that complies with the NYC Building Code requirement of a 1:12 slope would be impractical due to egress blockage, spatial limitations, and magnitude of construction. The main entry where these upgrades are intended to take place is the only means of ingress/egress for this building, outside of the emergency egress from the fire escapes in the rear of the building. As detailed in the supporting document, altering the existing entryway to allow enough space for a ramp with a slope of 1:12 would be a significant reconstruction project, and would require physical access restrictions. This would become a significant legal and economic barrier in order to accommodate alternate arrangements for current tenants of the building, since access restrictions during a major reconstruction would cause issues with legally maintaining egress pathways for the residents. Modifications would require significant alteration of the entrance corridor, entrance elevations, and modifications to the ground level residential units since a ramp in this space with a slope of 1:12 would be physically impossible to exist in the current layout.

The equally safe alternative being proposed is the installation of one portable ramp and one inclined platform lift in order to create an accessible entrance. Since this building is considered a "Prior Code Building", and given the Local Law 122 amendments to Administrative Code Section 28-313.3.1, portable ramps are permitted to be utilized. Additionally, platform wheelchair lifts are permitted to be utilized as outlined in BC 1101.3.1 and 1101.3.2 and described in BUILDINGS BULLETIN 2016-008.

*NOTE:  Department of Buildings Determination will be issued on the CCD1 Response Form*

| 6 | **Statements and Signature** *Required for all requests   (If Attorney, include 'Esquire' or 'Esq.' in signature)* |

I hereby state that all of the above information is correct and complete to the best of my knowledge. Falsification of any statement is a misdemeanor and is punishable by a fine or imprisonment, or both. It is unlawful to give to a City employee, or for a City employee to accept, any benefit, monetary or otherwise, either as a gratuity for properly performing the job or in exchange for special consideration. Violation is punishable by imprisonment or fine, or both.

Name (please print)

Jamison Morse

Signature                                                          Date

11/03/2020

*P.E. / R.A. / Master Electrician Seal (apply seal, then sign and date over seal – not required for Attorneys on unfiled applications)*

096762

| ░░ | **ADMINISTRATIVE USE ONLY** | Control #: | ░░ |
| ░░ | **Reviewed By:** | Date: | |

## CCD1: Construction Code Determination Form

| 7 | **Description of Request**  (use this section if additional space is required for description) |
|---|---|

This alternative solution will not adversely affect safety. Signage will be provided with a phone number to call for assistance and a building attendant will be on-call 24 hours a day to provide personal assistance if an individual is unable to operate the lift or traverse the ramp unassisted. The proposed portable ramp and lift with on-call assistance are an equally safe alternative. Additionally, the two doors along the entry corridor will be made into automatic doors to provide further convenience.

Supporting Documents:
Waiver Application Letter
Associated plans and diagrams

*NOTE:  Department of Buildings Determination will be issued on the CCD1 Response Form*

| 8 | **Statements and Signature**  *Required for all requests*    *(If Attorney, include 'Esquire' or 'Esq.' in signature)* |
|---|---|

I hereby state that all of the above information is correct and complete to the best of my knowledge. Falsification of any statement is a misdemeanor and is punishable by a fine or imprisonment, or both. It is unlawful to give to a City employee, or for a City employee to accept, any benefit, monetary or otherwise, either as a gratuity for properly performing the job or in exchange for special consideration. Violation is punishable by imprisonment or fine, or both.

Name (please print)

Jamison Morse

Signature                                                                     Date

11/03/2020

P.E.  R.A. (Seal / Master Electrician apply seal, then sign and date over seal - not required for attorneys on unfiled applications)

| ADMINISTRATIVE USE ONLY | Control #: | |
|---|---|---|
| Reviewed By: | Date: | |



**PVE Engineering**
25 West 39th Street
12th Floor
New York, NY 10018
646.602.4999
**www.pve-llc.com**

November 3rd, 2020

Mr. Rodney Gittens, R.A.
Bronx Borough Commissioner
1932 Arthur Avenue, 5th Floor
Bronx, NY 10457

**Re: Waiver Application for Portable Ramp and Wheelchair Lift Requirements**

**Property: 1516 Beach Avenue**

Dear Mr. Gittens,

PVE Engineering (PVE) has been retained by *Friedman Management Corporation* to assess the feasibility of installing one portable ramp and one inclined platform lift in order to create an accessible entrance at the corridor of 1516 Beach Avenue that complies with the NYC Building Code. Since this building is considered a "Prior Code Building" (building permit issued prior to July 1,2008), portable ramps are permitted to be utilized. Additionally, platform wheelchair lifts are permitted to be utilized as outlined in *BC 1101.3.1* and *1101.3.2* and described in *BUILDINGS BULLETIN 2016-008.*

Per Local Law 122, which recently amended Administrative Code Section 28-313.3.1, this letter outlines the following items to qualify our request for the proposed portable ramp to be waived of the indicated requirements:

- The main entry where these upgrades are intended to take place is the only means of ingress/egress for this building, outside of the emergency egress from the fire escapes in the rear of the building. As detailed within this document, altering the existing entryway to allow enough space for a ramp with a slope of 1:12 would be a significant reconstruction project, and would require physical access restrictions. This would become a significant legal and economic barrier in order to accommodate alternate arrangements for current tenants of the building, since access restrictions during a major reconstruction would cause issues with legally maintaining egress pathways for the residents. Modifications would require significant alteration of the entrance corridor, entrance elevations, and modifications to the ground level residential units.

- These waiver requests will not adversely affect safety. Signage will be provided with a phone number to call for assistance and a building attendant will be on-call 24 hours a day to provide personal assistance if an individual is unable to operate the lift or traverse the ramp unassisted. The proposed portable ramp and lift with on-call assistance are an equally safe alternative. Additionally, the two doors along the entry corridor will be made into automatic doors to provide further convenience.

- A ramp in this space with a slope of 1:12 would be physically impossible to exist in the current layout.

- The spatial constraints of existing residential entryways, entrance vestibules, and corridor stairs do not allow the necessary configuration of a compliant ramp.

The following pages contain drawings and diagrams that illustrate the points made above.



**2**

### *Key*

( + X' - X" )   Floor Elevation Height



Existing residential unit entries

Existing radiator

Existing vestibule door

Existing entrance door

+ 2' - 1"

+ 0' - 4"

+ 0' - 4"

+ 0' - 0"

Existing Layout
N.T.S.





Extents of ramp if compliant with *Section 405 of ICC A117.1* (slope of 1:12)

Required clear landing

21' - 0"

60"

ADA Compliant Ramp Dimensions
N.T.S.





Existing residential unit entry interference

Extents of ramp if compliant with *Section 405 of ICC A117.1* (slope of 1:12)

Existing radiator interference

Existing vestibule door interference

Existing stair interference

This entry is only means of egress aside from the fire escapes in rear of building

ADA Compliant Ramp interferences
N.T.S.



5



Proposed new location of doorway to allow for 60" turning radius at top of stairs

Existing radiator to remain in place

Original location of doorway

Location of door to be adjusted and direction of swing to be reversed

7' - 7"

60"

60"

8"

24"

Proposed Plan Alterations

N.T.S.





Automatic door handicap opener

Existing door to have automatic opener installed

60" diameter turning radius

Handicap assistance and phone number signage*

Proposed wheelchair lift, with powered fold and unfold functions. Permitted here as outlined in *BC 1101.3.1* and *1101.3.2*.

Automatic door handicap opener

Proposed door location allows enough clearance on latch side of door to comply with *ICC A117.1*, and *Table 404.2.3.2*

Handicap assistance and phone number signage*

Proposed portable ramp: 4" rise with 1:12 slope and flat landing (Example on page 8) *Complies with Section 405 of ICC A117.1*

42" railing shall be part of portable ramp assembly

91"

41"

78"

up

24"

38"

60"

48"

68"

*A building attendant will be on-call 24 hours a day to provide personal assistance if an individual is unable to operate the lift or traverse the ramp unassisted

Proposed Egress Enhancements

N.T.S.






Inclined Platform Lift Example





Exterior Portable Ramp Example

*Similar to ramp proposed at exterior entrance*

Handicap Assistance Signage

*To comply with this format*



**8**

***Conclusions***

We believe the proposed portable ramp and platform wheelchair lift along the entrance corridor of "Prior Code Building" 1516 Beach Avenue are code compliant per the recent Local Law 122 updates to Administrative Code Section 28-313.3.1 and *BC 1101.3.1* and *1101.3.2*. Additionally, a permanent ramp meeting the required qualifications would not be physically possible. Altering the space for it to fit would cause undue economic burden as well as restrict access to the only means of egress aside from fire escapes. All other requirements of *NYC Building Code*, including *Section 405 (Ramps) of ICC A117.1,* will be adhered to.

Very truly yours,

Jamison D. Morse, P.E.
Managing Principal
PVE Engineering

Enclosed: Photos, Figures

# Appendix C

**Specifications of Plaintiff's Mobility Scooter**

| Dimension | Turning Radius: 41"<br>Ground Clearance Under Deck: 4.5"<br>Ground Clearance to Transaxle/Motor: 2.5"<br>Length: 45.5"<br>Width: 23.5"<br>Height (ground to top of back of seat): 37"–39"<br>Ground to Top of Seat: 24"–26"<br>Ground to Top of Deck: 6.25"<br>Deck to Top of Seat: 18"–20"<br>Number of Seat Height Positions: 3<br>Size of Increments: 1"<br>Front Axle to Rear Axle: 34.5" |
|---|---|
| Weight | Weight Capacity: 400 lbs<br>Weight of Unit (Assembled): 192 lbs |

# Appendix D

**Modifications**

| Issue | Modification Requested |
|---|---|
| Plaintiff has difficulty negotiating the entry with his mobility assisting device.  The entry door to his apartment is 33" wide.  The clearance, between the stop on one side and the face of the door, when the door is in a 90° open position, is reduced to approximately 30." | Add approximately 2" to the clear opening by replacing current hinges with self-closing offset hinges suitable for a door of this size or offset hinges coupled with a suitable closer. |
| Two locations in the apartment have abrupt vertical changes in floor level of approximately 2".  One at the bathroom threshold and one at the dining room threshold. | **Option One**<br><br>Remove and refinish the existing dining room floor.  What is likely a wood floor below in the dining room could be refinished with polyurethane or a floor covering, eliminating any significant rise.<br><br>Remove and reconstruct the existing bathroom floor.  If the bathroom does not have a suitable underlayment for installation of a new tile floor, apply suitable underlayment for tile installation.  The underlayment and tile could be a combined 0.5" thick, which could be managed for accessibility by a sloped saddle at the threshold.<br><br>**Option Two**<br><br>Purchase and install special saddles. |